UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01768-JLS-ADS            Date: December 19, 2018
Title: Benjamin Gibson v. MV Transportation, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                      Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 12)

Before the Court is Plaintiff Benjamin Gibson's Motion to Remand. (Mot., Doc. 12.) Defendant MV Transportation, Inc. opposed (Opp., Doc. 17) and Plaintiff replied (Reply, Doc. 18.). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for December 21, 2018 at 10:30 a.m., is VACATED. For the following reasons, the Motion to Remand is GRANTED.

## I.     BACKGROUND

In 2013, Plaintiff began working for Defendant as a driver in Santa Ana, California, and became a dispatcher approximately two years later. (Compl. ¶ 6, Ex. A. to Notice of Removal, Doc. 1-2.) Plaintiff allegedly suffers from sleep apnea. (Compl. ¶ 11.) On April 18, 2018, Defendant terminated Plaintiff because he fell asleep at work three times between February and April of 2018. (*Id.* ¶ 13.) On August 24, 2018, Plaintiff initiated this action in Orange County Superior Court, bringing two California state law claims: (1) Disability Discrimination under the Fair Employment and Housing Act (FEHA); and (2) Failure to Accommodate under the FEHA. (*Id.* ¶¶ 16–30.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01768-JLS-ADS                                      Date: December 19, 2018
Title:  Benjamin Gibson v. MV Transportation, Inc.

On September 28, 2018, Defendant removed the action to this Court on the basis that a federal question exists pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("Section 301").  (Notice of Removal ¶ 11.)  Defendant's Notice of Removal includes additional facts upon which Defendant relies to argue that a federal question exists.  During Plaintiff's employment with Defendant, Plaintiff was a member of the General Truck Drivers, Office, Food & Warehouse Union, Teamsters Local 952 and Plaintiff's employment was governed by a Collective Bargaining Agreement (CBA).  (*Id.* ¶¶ 15–16.)  In September 2017, Defendant terminated Plaintiff because he falsified timesheets.  (*Id.* ¶ 18.)  After Plaintiff filed a grievance under the CBA, Plaintiff, Defendant, and the Union entered into a Settlement Agreement which provided that Defendant could terminate Plaintiff if he committed "any other major violations/serious infraction[s]" within one year.  (*Id.*)

On October 26, 2018, Plaintiff filed the instant Motion to Remand.

## II.  LEGAL STANDARD

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. §§ 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand."  *Langston v. 20/20 Companies, Inc.*, No. EDCV 14–1360 JGB (SPx), 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (citing *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  However, "there is a corollary to the well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:18-cv-01768-JLS-ADS                                      Date: December 19, 2018
Title: Benjamin Gibson v. MV Transportation, Inc.

complaint rule under the complete preemption doctrine, applied primarily under § 301 of the LMRA." *Stearns v. Davis Wire Corp.*, Case No. 2:16-cv-02401-CAS(MRWx), 2016 WL 3008167, at *2 (C.D. Cal. May 23, 2016) (quotation marks omitted) (citing *Lopez v. Fox Television Animation, Inc.*, 76 Fed. Appx. 769, 771 (9th Cir. 2003)).

Under this exception, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. "Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Id.* at 394. "[A]n application of state law is preempted by [Section 301] . . . only if such application requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). Thus, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). "[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001). "[D]efensive reliance on the terms of the CBA . . . will not suffice to preempt a state law claim." *Humble v. Boeing Co.*, 305 F. 3d 1004, 1008 (9th Cir. 2002) (citing *Cramer*, 255 F.3d at 691–92). Further, Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Lividas*, 513 U.S. at 123.

"These principles have been distilled by the Ninth Circuit into a three-prong test:

> In deciding whether a state law is preempted under section 301 . . . a court must consider: (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01768-JLS-ADS                                      Date: December 19, 2018
Title: Benjamin Gibson v. MV Transportation, Inc.

not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.'"

*Padilla v. Pacific Bell Telephone Co.*, No. CV 14–09760 DDP (JPRx), 2015 WL 728695, at *2 (C.D. Cal. Feb. 19, 2015) (citing *Miller v. AT&T Network Sys.*, 850 F.2d 543, 548 (9th Cir. 1988)).

## III.  DISCUSSION

Here, Defendant argues that the Court must interpret the CBA and the Settlement Agreement reached pursuant to the CBA in order to adjudicate Plaintiff's FEHA claims. (Opp. at 8.)  The Court disagrees.

Defendant cites to multiple provisions in the CBA, such as the "just cause" and "anti-discrimination" provisions, as well as the Settlement Agreement, and claims that they govern the actions giving rise to Plaintiff's FEHA claims.  However, even assuming that the provisions to which Defendant refers "satisfy the first prong of the *Miller* test . . . [Defendant] has not shown that the second and third prongs are satisfied." *Padilla*, 2015 WL 728695, at *3.  "FEHA is a clear and well-established statute whose provisions apply with equal force whether there is a collective bargaining arrangement or not, and the Ninth Circuit has repeatedly held that its provisions are not subject to being contracted away." *Id.*; *see Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1527 (9th Cir. 1995) (detailing FEHA's "clear statutory and regulatory standards" which "provide a means to determine 'reasonable accommodation' without reference to the CBA"); *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993) ("[T]he rights conferred by the [FEHA] are defined and enforced under state law without reference to the terms of any collective bargaining agreement. Actions asserting those rights are thus independent of collective-bargaining agreements. These rights are nonnegotiable and cannot be removed by private contract.")

Defendant heavily relies on *Audette v. International Longshoremen's & Warehousemen's Union, Local 24*, 195 F.3d 1107 (9th Cir. 1999), where the plaintiff had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01768-JLS-ADS                                Date: December 19, 2018
Title: Benjamin Gibson v. MV Transportation, Inc.

entered into a settlement agreement with the union and sued alleging that the union discriminated against her in failing to perform the agreement. The court held that the plaintiff's FEHA claim was preempted by Section 301 because the "case [did] not involve a free-standing claim of discrimination. Rather, the claim turns on whether defendants' alleged *failure to perform the settlement agreement* was motivated by retaliation or discrimination." *Id.* 1113 (emphasis added).[1] Here, Plaintiff does not claim that Defendant breached the Settlement Agreement or that Defendant discriminated against him by failing to perform the Settlement Agreement – rather, he is alleging a "free standing claim of discrimination." *See Padilla*, 2015 WL 728695, at *3 (finding that *Audette* "does not upset the long line of Ninth Circuit cases concluding that FEHA claims are freestanding under state law and not preempted"). The mere existence of a Settlement Agreement between Plaintiff and Defendant does not transform Plaintiff's free-standing discrimination claim into one tethered to the Settlement Agreement. Thus, *Audette* is inapposite.

Defendant also cites to *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347 (9th Cir. 1985), where the Ninth Circuit found that an emotional distress claim was preempted because the reasonableness of the employer's behavior required the court to look to the standards set forth in the CBA. *Id.* 1349–50. Defendant relies on *Truex* for the proposition that here "the Court must analyze the just-cause termination and discipline standards under the CBA . . . to determine if Plaintiff's discipline and termination were properly justified by those provisions or based on improper discrimination instead." (Opp. at 10.) However, as the Ninth Circuit noted in *Miller*, *Truex*'s application is limited to situations where "a court is called upon to decide whether an employer acted reasonably." *Miller*, 850 F.2d at 549. As such, *Miller* found that *Truex* was "not relevant" to the plaintiff's claims brought pursuant to Washington's equivalent of the FEHA because the "discrimination claim relie[d] on a statutory standard." *Id.* Thus,

---

[1] Defendant also relies upon *DeSherlia v. Alpha Beta Co.*, 852 F.2d 571 (9th Cir. 1988), where the plaintiff sued for emotional distress and discrimination "resulting from the alleged breach of a grievance settlement" and the court found that Section 301 preempted her state law claims. *Id.* at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01768-JLS-ADS                                      Date: December 19, 2018
Title: Benjamin Gibson v. MV Transportation, Inc.

*Truex* is inapplicable to this case because the "clear statutory and regulatory standards" set forth by the FEHA provide the basis for determining Plaintiff's claims. *See Jimeno*, 66 F.3d at 1527.

Finally, Defendant argues that because Plaintiff allegedly failed to exhaust the grievance process through the CBA, the Court must interpret the CBA's grievance procedures to determine whether Plaintiff's claims arising from his termination are barred. (Opp. at 13–14.) However, in the case upon which Defendant relies, *Soremekum v. Thrifty Payless, Inc.*, 509 F.3d 978 (9th Cir. 2007), the district court had jurisdiction under Section 301 because the plaintiff sued for *breach of the CBA*. *Id.* 984 & n.32. Nowhere does *Soremekum* indicate that, solely because a defendant may raise a failure to exhaust defense pursuant to the CBA, a plaintiff's claims are preempted by Section 301. To the contrary, the Ninth Circuit has held that "defensive reliance on the terms of the CBA . . . will not suffice to preempt a state law claim." *Humble*, 305 F. 3d at 1008.[2]

Put simply, even assuming that Defendant fully complied with the CBA and the Settlement Agreement in terminating Plaintiff, this has "little bearing" on whether Defendant unlawfully discriminated against Plaintiff in violation of the FEHA. *See Stearns*, 2016 WL 3008167, at *7 ("[E]ven a finding by the Court that defendant had 'sufficient and proper cause' under the CBA to discharge plaintiff would have little bearing on whether any such discharge nonetheless violated California public policy proscribing termination on certain prohibited grounds."); *see also Miller v. Bimbo Bakeries, Inc.*, No. C 11–00378 WHA, 2011 WL 1362171, at *3 (N.D. Cal. Apr. 11, 2011) (finding CBA irrelevant to FEHA claim because "[n]o CBA can immunize conduct that is illegal under state law").

---

[2] Moreover, under the FEHA, Plaintiff need not exhaust his remedies under the CBA prior to filing suit but need only show that "he timely filed a complaint with the [California Department of Fair Employment and Housing (DFEH)]." *See Ortega v. Contra Costa Community College Dist.*, 156 Cal. App. 4th 1073, 1086 (2007). Here, Plaintiff alleges that he timely filed a complaint with DFEH and received a right to sue letter. (Compl. ¶ 20.)

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01768-JLS-ADS | Date: December 19, 2018 |
| Title: Benjamin Gibson v. MV Transportation, Inc. | |

Accordingly, the Court finds that Plaintiff's claims are not preempted by Section 301 and thus remand is appropriate.

In his Motion to Remand, Plaintiff requests an award of fees for Defendant's improper removal. (Mem. at 20.) The removal statute permits the Court, upon remand, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, while the cases upon which Defendant relies to argue for removal are distinguishable, Defendant's "reliance on them was not objectively unreasonable." *See Calvillo v. AbbVie, Inc.*, Case No. SACV 14-1331-JLS (DFMx), 2014 WL 12561045, at *3 (C.D. Cal. Sept. 29, 2014). Plaintiff's request for fees is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and REMANDS this action to Orange County Superior Court, Case Number 30-2018-01014419.

Initials of Preparer: tg